# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PERRY MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 1302 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| LOCAL 701, INTERNATIONAL | ) | |
| BROTHERHOOD OF ELECTRICAL | ) | |
| WORKERS, ART LUDWIG, and | ) | |
| LAWRENCE CURLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Perry Marshall ("Marshall") brought suit under Title I of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 411-15 ("LMRDA"). Before the court are two summary judgment motions, one motion filed jointly by defendants Local 701, International Brotherhood of Electrical Workers ("Local 701") and Art Ludwig ("Ludwig"), and a separate motion by defendant Lawrence Curley ("Curley"). Also before the court are two motions to strike. Curley filed a motion to strike portions of the plaintiff's affidavit, the arguments of which Local 701 and Ludwig joined, in addition to moving to strike certain responses and statements of additional material fact. Local 701 and Ludwig filed an additional motion to strike certain statements of additional material fact. For the reasons stated below, the motions to strike are granted in part and denied in part and the motions for summary judgment are granted.

### I. BACKGROUND[1]

Marshall is a member of Local 701, a labor union. Ludwig was the Business Manager of

---

[1] Facts are taken from the parties' Rule 56.1 statements of material facts and are undisputed, either because the parties agree that they are undisputed or because the disputes are unsupported by the record. Where facts are disputed, they are presented as allegations.

Local 701 until June 30, 2004.  The International Brotherhood of Electrical Workers ("IBEW")

provides advice and assistance to its affiliated local unions through its district offices.  Curley

was an officer of the IBEW and was International Vice-President for the Sixth District, which

includes Local 701.

Local 701 refers members to jobs pursuant to the Referral Procedures portion of the

Inside Commercial Collective Bargaining Agreement (the "CBA") between Local 701 and

DuPage Division, Northeastern Illinois Chapter, National Electrical Contractors Association (the

"Association").  The IBEW was not a party to the CBA.  Under the Referral Procedures, referrals

are given to employees according to their position in the relevant "Out of Work List" (also

known as "the book"), which is a list of names of members available for work.  Typically,

members who complete a job sign at the bottom of the book, taking their place in line for

additional work below those who have signed earlier.  However, an exception exists where a

member finishes a "short call," defined as a work project of fourteen days or less.  Following a

"short call," a member may retain the same position on the book that he or she had before taking

the "short call" job.  Local 701 adopted a Referral Rule to ensure that members reported to work

once they had accepted a referral unless they had an illness or emergency situation.  Violation of

the Referral Rule results in an applicant losing his position on the applicable Out of Work List

and having to sign at the bottom of the book.

Marshall was number five on the Out of Work List, which entitled him to be the fifth

person offered an assignment and gave him more opportunity to choose which "short calls" he

wished to accept.  On August 28, 2002, he accepted a job referral to McGovern Electric.

Although Marshall went to the job site, he informed a foreman of McGovern Electric that he

could not stay because of a family situation and left.  That evening, Kenneth Lambert

("Lambert"), a Local 701 Business Representative who was in charge of the job referral process at the time, telephoned Marshall and left a message saying that McGovern Electric had complained and Marshall could lose his spot on the book. Local 701 representatives spoke with the foreman of McGovern Electric, and Ludwig determined that Marshall failed to satisfy the conditions of the short call provision of the CBA and the Referral Rule by failing to report ready for work after accepting a referral. Lambert called Marshall on August 29, 2002 to tell him that he would be removed from his position on the Out of Work List. On August 30, 2002, Ludwig sent Marshall a letter explaining that if Marshall appealed this determination, his position would not be changed until the appeal process was concluded.

The CBA provides that any and all disputes concerning the referral of employees to jobs shall be heard by an Appeals Committee, consisting of one person appointed by the Association or the employer, one appointed by the union, and one member of the public selected by previous appointees. The Appeals Committee, which is not part of or subject to the control of Local 701, has authority under the CBA to issue final and binding decisions. Marshall decided to appeal Ludwig's decision to the tri-partite panel. The Appeals Committee heard Marshall's appeal on September 10, 2002. On September 13, 2002, it requested further documentary evidence from Marshall. On October 24, 2002, the Appeals Committee upheld Ludwig's decision and, on October 28, 2002, Marshall's name was removed from the Out of Work list.

Under the IBEW Constitution, members may appeal from what they perceive to be an injustice committed by a local union. Marshall attempted to appeal the decision concerning his position on the list to the IBEW, but Curley informed Marshall, by letter, that it would be improper to overturn the decision because it did not involve a charge under the IBEW Constitution. In his letter, dated October 11, 2002, Curley stated that "[t]he alleged violation

brought forward by [Local] 701 was under [the CBA]," which committed review to the Appeals Committee. Since at least 1979, the IBEW has interpreted its Constitution to not apply to issues arising out of a local union's CBA. Shortly after Curley denied Marshall leave to appeal, Marshall filed charges against various Local 701 officers alleging violations of the referral procedures. Curley assigned an International Representative to investigate the charges and, based on the representative's report, concluded that the charges had no merit. Marshall also filed charges with Curley against Ludwig, which Curley dismissed as untimely filed.

Marshall alleges that his removal from the Out of Work List stems from discrimination against him due to the fact he had been outspoken about decisions by union officials that he believed were not made in accordance with the IBEW Constitution, the CBA, or local union rules. He alleges that union officials regarded him as a troublemaker. He alleges that their actions constitute retaliation to suppress his freedom of speech, as guaranteed by Title I of the LMRDA. He further alleges that Curley's denial of his appeal was improper because the IBEW Constitution covers discriminatory actions of local union officers. He alleges that Curley acted solely to support his friends at Local 701, thus suppressing Marshall's freedom of speech in violation of the LMRDA.

## II. ANALYSIS

### A. Motions To Strike

Curley filed a 76-page motion to strike, attacking the vast majority of paragraphs in Marshall's 61-page, 170-paragraph rebuttal affidavit submitted in response to both motions for summary judgment.[2] He also moved to strike certain statements made in opposition to Curley's

_____

[2] Curley concedes that thirteen paragraphs and portions of an additional thirteen paragraphs of Marshall's affidavit are admissible, although he contends that even some of those are duplicative.

statement of material fact.  The court set a briefing schedule on June 26, 2008 whereby responses were due by July 17, 2008 and replies by July 31, 2008.  On July 3, 2008, Local 170 and Ludwig filed a motion to join Curley's motion regarding the affidavit, which the court granted, and additionally moved to strike eight statements of additional material fact submitted in opposition to Local 170 and Ludwig's motion.  A separate briefing schedule on the additional motion to strike was set whereby responses were due by July 17, 2008 and replies by July 28, 2008.  On July 17, 2008, Marshall filed a four-page response that addressed only Local 170's and Ludwig's motion to strike the eight statements of additional material fact.  Defendants Local 701 and Ludwig filed a reply on July 25, 2008.  Marshall failed to respond to Curley's motion to strike portions of his affidavit and responses to material facts.

Local Rule 78.3 provides that "[f]ailure to file a[n] . . . answering memorandum shall not be deemed to be . . . withdrawal of opposition thereto, but the court on its own motion or that of a party may . . . grant the same without further hearing."  L.R. 78.3.  Although the court is troubled by the failure of experienced counsel to file a response to the motion to strike, given the severe consequences that could result from the summary granting of Curley's broad-ranging motion, the court will decide the motion based on Curley's memorandum.

Counsel for Marshall obtained four extensions of time to respond to the defendants' motions for summary judgment.  When the court ruled on Marshall's fourth motion for extension of time, it granted "plaintiff's counsel permission to file [a] response in any form he wishes by 5/23/08 and *to file in accordance with the Local Rules shortly thereafter*."  Order (May 15, 2008, docket no. 114) (emphasis added).  Notwithstanding these accommodations, Marshall filed his response late, on May 26, 2003, and even then failed to rectify significant defects in the form of the response submitted.

1.    <u>The Defendants' Motion[3] To Strike Parts Of Marshall's Affidavit</u>

Curley asserts seven primary reasons why the majority of the affidavit paragraphs should be stricken: (1) the statements are inadmissible hearsay; (2) Marshall fails to provide a foundation to show he has personal knowledge of the facts asserted; (3) the statements describe the content of documents without attaching the documents in violation of the best evidence rule; (4) the statements advance legal arguments or conclusions; (5) the statements fail to cite to the record; (6) multiple statements are duplicative; and (7) the signature page does not appear to belong to the affidavit.

The first issue the court will address is that of duplicative paragraphs within the affidavit. Comparison of the paragraphs listed by Curley shows that Marshall has replicated statements, word for word, on multiple occasions within the affidavit thereby unnecessarily complicating matters. The court can conceive of no purpose for duplicative paragraphs; it simply indicates sloppy drafting and shoddy editing and Marshall will have to suffer the consequences if he has relied on the stricken paragraphs in support of his arguments. Therefore, the following affidavit statements are stricken (the number of the paragraph that the stricken paragraph duplicates is stated in parentheses): 34 (61); 37 (136); 48 (130); 60 (33); 84 (55); 85 (56 and 57); 86 (58); 87 (59); 88 (60); 89 (61); 90 (62); 91 (63); 92 (64); 93 (65); 94 (66); 95 (67); 96 (68); 97 (69); 98 (70); 99 (71); 100 (72); 101 (73); 102 (74); 103 (75); 104 (76); 105 (77); 106 (78); 107 (79); 108 (80); 109 (81); 110 (82); 111 (83); 113 (29); 114 (30); 115 (31); 116 (32); 129 (47); 131, first three sentences (49); 134, except sub-paragraph h (45); 138, except for the second and seventh sentences (42); 139, first six sentences (43); 144 (112); 145 (29); 146 (30); 147 (31); 148 (32); 149 (117); 150 (118); 151 (119); 152 (120); 153 (121); 154 (122); 155 (123); 156 (124); 157

---

[3] Although defendants Local 701 and Ludwig joined the motion, Curley filed it. For ease, the court will refer to it as Curley's motion.

(125); 158 (126); 159 (127); 160 (128); 161 (47); 162 (130); 163 (131); 164 (part of 132); 165 (part of 132); 167 (134); 168 (135); and 169 (136).

Curley's arguments on the remainder of the affidavit paragraphs center on whether the statements comport with Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) requires that an "opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). This means that statements that are conclusory allegations, inadmissible hearsay, legal conclusions, not based on personal knowledge, or that violate the best evidence rule[4] must be stricken. *See Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878 (7th Cir. 1998) (affirming the district court's decision to strike portions of an affidavit that did not establish personal knowledge of the facts and were no more than conclusory allegations); *Pfeil v. Rogers*, 757 F.2d 850, 862-63 (7th Cir. 1985) (upholding the trial court's decision to strike affidavit statements that were inadmissible at trial); *Liberles v. County of Cook*, 709 F.2d 1122, 1129 (7th Cir. 1983) (observing that an affidavit containing hearsay statements and legal conclusions "is not entitled to consideration because it does not contain information admissible at trial").

The court has reviewed the statements, as challenged by Curley, to assess whether they comport with Rule 56(e) requirements and concludes as follows:[5]

a.       The following statements are stricken for lack of foundation, in that Marshall does not establish that he has personal knowledge of the facts averred: part of 8 ("The number of union members who were seeking assignments to contractors for work was at any given time as

---

[4] The "best evidence rule" provides: "To prove the content of a writing . . ., the original writing . . . is required, except as otherwise provided in these rules or by Act of Congress." *See* Fed. R. Evid. 1002.

[5] Where multiple bases for striking the statement were advanced the court has ruled on only one objection where it clearly justifies striking the statement. Objections to paragraphs not stricken are overruled.

much as 200 members."); 21; 22; 25; 39; part of 42 (regarding what Creen did); part of 44 (from

"as a public figure" through "testified by B.M. Ludwig"); 47; 52; 53; 56; part of 63 (first

sentence); 117; 122; part of 123 (from "IVP Curley and IP Hill" to end); 125; part of 127 (from

start to "took no action"); 128; 131 (final sentence); 132 (final sentence); and part of 138

(sentence beginning "IVP Curley knows").

     b.     The following statements are stricken because they contain legal argument or

conclusion rather than factual statements:[6] part of 6 (the clause "as allowed by the constitution

and the LMRDA"); part of 7 (the clause "and retaliating against me"); part of 20 (only the term

"false" as used in the phrase "false allegations"); part of 23 (only the term "false" as used in the

phrase "false allegations"); part of 29 ("BM Ludwig is wrong."); 30; 31; 32; part of 33 ("The fact

that Ludwig offered the L.U. Executive board is proof that this is an internal union dispute and

not a CBA matter" and the word "wrongfully" from the phrase "wrongfully decided" and the last

sentence); part of 35 (final sentence); part of 36 (beginning "This is a sanction . . ." to end of the

paragraph); part of 38 (from "Officers of Local 701 must be held accountable . . ." to end); 40;

41; remainder of 42 that was not stricken for lack of personal knowledge; 43; part of 44 (from "It

was not proper . . ." to end); part of 45 (from "This committee process violated" to end); 46; 49

(from "Only the I.V.P. can . . ." to end); part of 50 (from "Ludwig's actions are a continuous . . ."

to end); part of 51 (from "Local 701 departed" to end); part of 54 (last two sentences); 55; 57;

58; part of 59 (all except the sentence beginning "Only after Mr. Marshall challenged"); 61; part

---

[6] The affidavit includes numerous sections that would be more appropriate in a legal brief or as
stand-alone statements of additional fact, including extensive discussion of Marshall's theory of
the case, argument to rebut the movant's evidence based on inference from quoted deposition
testimony of others, and quotations from sections of various documents. An opposing affidavit
must be "made on personal knowledge [and] set out facts that would be admissible in evidence."
Fed. R. Civ. P. 56(e)(1). Where no factual predicate within the personal knowledge of Marshall
was apparent, the court has stricken the sections.

of 63 (from "This gives I.P. Hill . . ." to end); 66; 67; part of 68 (from "Mr. Marshall had the right to appeal" to end); 69; 70; 71; 72; 73; part of 74 (sentence beginning "an appeals Committee . . ."); 75; 76; 77; 78; 79; 80; 81; part of 82 (from "Union officers are responsible for there [sic] actions" to end); 83; 112; part of 118 (from "Again IVP Curley and IP Hill" to the end); 119; 120; 121; part of 123 (first sentence); part of 124 (from "Violations of the Constitution" to the end); part of 126 (from "Curley continues to claim" to end); part of 127 (from "IVP Curley knowingly" to end); 130; 133; part of 134 (paragraph h, rest stricken as duplicative of 45); 135; part of 136 (from "This is a sanction" to end); 137; part of 138 (sentence beginning "Even if Curley felt"); part of 139 (from "IVP Curly [sic] and IP Hill" to end); part of 141 (last two sentences); 142; 143; and 166.

      c.      The following statements are stricken because they are inadmissible hearsay pursuant to Federal Rule of Evidence 802: 11; 12; 27; and part of 50 (from "Mr. Betar told Mr. Marshall" through "prior to taking the case," stricken in part for hearsay and in part for lack of personal knowledge).

      d.      The following statements are stricken because they attempt to prove the content of the writing without attaching a verified copy of the writing or explaining why such a copy cannot be provided in violation of Federal Rule of Evidence 1002: part of 29 (from "In this letter BM . . ." to "accusations of unfair treatment"); part of 45 (detailing content of the minutes); part of 62 (from "In (Exhibit S-1) . . ." to end); and part of 126 (from start of paragraph through "from the list").

      For the foregoing reasons, the motion to strike is granted in part and denied in part.

      2.      <u>Curley's Motion To Strike Marshall's Responses to Statements of Fact</u>

Curley moves to strike certain responses to his statements of fact for failure to comply with the local rules. Local Rule 56.1 provides that any denial of a movant's statements of fact must be accompanied by "*specific references* to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B) (emphasis added); *see United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Material facts submitted by the movant "will be deemed admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (affirming the district court's decision to deem facts admitted where the summary judgment submissions failed to refer to the record).

Curley argues that Marshall's responses either fail to provide any reference to the record, provide no reference to the record once the stricken affidavit paragraphs are taken into consideration, or provide an overly broad reference to the record. Marshall provides a bald denial with no reference to the record in paragraph 16 and provides an unacceptably broad reference (to paragraphs 36 through 169 of Marshall's affidavit) in paragraphs 23, 24 and 25. The court does not strike the responses where the affidavit paragraph cited in support was only partially stricken; rather, the court will accord the response its due weight when considering whether there is a genuine issue of material fact established by the record. Consequently, responses 16, 23, 24, and 25 are stricken and the corresponding facts are deemed admitted. The motion to strike is denied as to responses 17, 18, 20 and 22.

3.     <u>Curley's Motion To Strike Marshall's Statements of Additional Fact</u>

Curley moves to strike certain of Marshall's additional facts (specifically paragraphs 27, 28, 33, 37, 38, 40, 41, 42, 45, 46, 47, and 48) for failure to comply with the local rules. Non-movants are required to submit "a statement, consisting of short numbered paragraphs, of any

additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). In addition to the Local Rule 56.1, the court has issued a very specific standing order regarding summary judgment. The standing order prohibits argument and inference in Rule 56.1 statements of fact and requires a simple denial and cite to the record for disputed facts. *See* Standing Order, *available at* http://www.ilnd.uscourts.gov.

Curley argues that Marshall's additional facts must be stricken because they: (1) are not "facts" but conclusions; (2) fail to cite to the record or cite so broadly as to be useless. Several of Curley's arguments assume that the court has stricken the affidavit paragraphs pursuant to its motion; where the court has done so, the motion to strike the additional facts is granted, and denied where it has not done so. Where Curley disputes that the cited record supports the fact asserted, the court denies the motion to strike the statement and will accord the statement its due weight when considering whether there is a genuine issue of material fact established by the record. Consequently, the following statements of additional fact are stricken for failure to reference the record: part of 33 (sentence beginning "The number of union members"); part of 37 (the argumentative term "falsely" only); and 48. Additionally, statement 46 is stricken for failure to provide pinpoint references and statement 47 is stricken for including argument. The court denies the motion as to paragraphs 27, 28, part of 33, part of 37, 38, 40-42, and 45.[7]

---

[7] Curley made a risky tactical decision to assert objections to these statements in lieu of answering them. *See* Def. Curley's Resp. to Pl.'s L.R. 56.1 Statement of Additional Facts. In light of the fact that the court has, in part, denied the motion to strike, Curley is left without an answer to paragraphs 27, 28, part of 33, part of 37, 38, 40-42, and 45. Consequently, these statements are deemed admitted where no other challenge has been raised. *See* L.R. 56.1(a) ("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party."). Thus, the court deems the following additional facts admitted: 27, 28, 38, and 42 (Curley himself admits fact 33). In addition to moving to strike facts 37, 40, 41, and 45, Curley asserts that the record does not

3.    Local 701 And Ludwig's Motion To Strike

Local 701 and Ludwig filed a motion to strike certain of Marshall's statements of additional fact, specifically paragraphs 78, 79, 88, 93, part of 96, 97, 98, and 99, for failure to comply with Local Rule 56.1. Marshall filed a four-page response[8] and Local 701 and Ludwig filed a reply. The court notes that Marshall submitted the same additional facts in opposition to Local 701 and Ludwig's motion for summary judgment as he did in opposition to Curley's motion for summary judgment. Comparison of the two submissions reveals the following correspondence:

| Curley Statement of Additional Fact | Local 701 and Ludwig Statement of Additional Fact |
|---|---|
| 27 | 78 |
| 28 | 79 |
| 37 | 88 |
| 42 | 93 |
| 45 | 96 |
| 46 | 97 |
| 47 | 98 |
| 48 | 99 |

Curley challenged facts numbered 27, 28, 33, 37, 38, 40, 41, 42, 45, 46, 47, and 48. Thus, the court has already ruled on all statements challenged by Local 701 and Ludwig. Local 701 and Ludwig raise substantially the same arguments as Curley did for striking the statements and the court can discern no reason for modifying its rulings. Consequently, for the same reasons as stated above, the court grants the motion as to: part of 88 (the argumentative term "falsely" only) and 97-99. It denies the motion as to paragraphs 78-79, part of 88, 93, and 96.

---

support the statement; therefore, the court does not deem them admitted and will accord these facts the appropriate weight after reviewing the record.

[8] Marshall erroneously states that the motion to strike these statements of additional fact was filed by Curley and joined by Local 701 and Ludwig. Counsel should have been able to ascertain that this was in error since Marshall's statements of additional facts in opposition to Curley's summary judgment motion are numbered 27 through 48 and this motion seeks to strike statements 78, 79, 88, 93, part of 96, 97, 98, and 99.

**B.    Motions for Summary Judgment**

    1.    <u>Legal Standard</u>

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  It is not appropriate if a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the opposing party.  *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991).

In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."  *Id.* at 325. In response, the non-moving party cannot rest on the pleadings, but must designate specific material facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.  "Surmise or suspicion does not rise to the dignity of a genuine issue as to material fact."  *Kirk v. Home Indem. Co.*, 431 F.2d 554, 562 (7th Cir. 1970).  Consequently, Rule 56 mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

    2.    <u>Curley's Motion For Summary Judgment</u>

In his Second Amended Complaint, Marshall alleges, in relevant part, that defendant Ludwig sent Marshall a letter containing false allegations that limited Marshall's work assignments, that Marshall appealed Ludwig's actions of defendant Ludwig to Curley, and that Curley upheld the limitation of work assignments despite the fact he knew or should have known that Ludwig's allegations were false. 2d Am. Compl. ¶¶ 14, 17, 19-21. Marshall alleges that Curley's actions violate LMRDA, which "makes it a violation of that Act to retaliate against a member's freedom of speech." *Id.* ¶ 23.

Curley surmises that Marshall's LMRDA claims rest on two discrete acts: (1) Curley's refusal to accept an appeal of a dispute concerning a local union referral hall; and (2) Curley's dismissal of internal union charges Marshall filed against various Local 701 union officers. Curley's Mot. for Summ. J. at 1. He moves for summary judgment, arguing that there is no evidence of a causal connection between any exercise by Marshall of his freedom of speech rights and any actions taken by Curley. In response, Marshall contends that summary judgment would be inappropriate because there are disputed facts and, based on his version of the facts, there is direct evidence of discrimination and retaliation in that he was treated differently from non-complaining union members.

Title I of the LMRDA provides, in relevant part:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2) (commonly known as "§ 101(a)(2) of the LMRDA").  The provision furthers "the basic objective of the LMRDA: 'ensuring that unions [are] democratically governed and responsive to the will of their memberships.'"  *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 352 (1989) (quoting *Finnegan v. Leu*, 456 U.S. 431, 436 (1982)).  The parties agree that to establish a violation of § 101(a)(2), a union member must demonstrate that: "(1) [his] conduct was an exercise of free speech as defined and protected by Title I of the LMRDA; (2) the defendant[] took actions against [him] in substantial part because of this exercise of Title I rights; and (3) [he] was damaged and suffered an injury as a proximate result of the defendant['s] actions."  *Kauffman v. Int'l Bhd. of Elec. Workers, Local Union No. 461*, 124 F. Supp. 2d 1127, 1131 (N.D. Ill. 2000) (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 970 F.2d 1461, 1469 (6th Cir. 1992)).

Marshall argues that Local 701 removed him from his position on the Out of Work List despite the fact that he did not act in a way that deserved such sanction.  He contends that Local 701 did this because of Marshall's outspokenness about perceived misconduct on the part of Local 701 officers.  He further argues that Curley conspired with Local 701 to enforce the allegedly discriminatory sanction.  Curley argues that Marshall has not produced evidence to establish that Curley acted because of Marshall's outspokenness, essentially conceding that Marshall's outspoken criticism of certain union practices was protected by Title I and that Marshall's removal from his position on the Out of Work List caused him injury.  The court therefore turns to whether Marshall has established causation.

The first issue that could give rise to a claim under the LMRDA is Curley's denial of the right to appeal the decision of the Local 701 to remove Marshall from his position on the Out of Work list.  Curley contends that there is an absence of evidence that he denied the appeal for

reasons other than those stated, namely the IBEW's policy to not consider issues arising under local union collective bargaining agreements. In support, he avers that, at the time he rejected Marshall's attempt to appeal his dispute concerning the Local 701 procedures, he did not know who Marshall was, had not heard anything about Marshall, had no knowledge of any alleged exercise of LMRDA rights by Marshall, and had no knowledge that anyone viewed Marshall as a troublemaker. *See* Curley's Statement of Facts ¶ 20. Marshall disputes this; however, in the paragraphs of Marshall's affidavit cited in support of the denial, which have been stricken in part for advancing legal argument instead of facts, Marshall avers only that he filed charges against Officer Lambert for sending the letter containing allegedly false statements and that Curley "upheld and condoned" the violation. Marshall Aff. ¶ 38. Therefore, Curley's affidavit and deposition testimony stands uncontroverted.

Marshall seems to imply that the content of the appeal itself put Curley on alert and prompted him to act to stifle Marshall's right to free speech. He states that the IBEW deals with complaints regarding violations of the union constitution, implying that Curley had an obligation to hear the appeal. *See* Pl.'s Additional Facts ¶ 43. But raising a question of material fact regarding the correctness of Curley's interpretation of the IBEW Constitution does not establish that the denial of Marshall's appeal was causally related to Marshall's outspokenness. Marshall does not point to any evidence of this, such as statements from Curley's own deposition, evidence on contrary constitutional interpretation in other cases, or evidence of Curley's collusion with Local 701 regarding the decision. Although it is well-established that the court must draw inferences regarding disputed facts in favor of the party opposing summary judgment, Marshall overstates the case law on summary judgment standards when he contends that the court must accept the version of the facts he asserts as true. *See U.S. v. Diebold, Inc.*, 369 U.S.

654, 655 (1962). Absent some evidentiary support in the record for Marshall's theory,[9] there is no genuine issue of material fact as to the reason for Curley's denial of Marshall's appeal from which the court may draw favorable inferences. Consequently, Marshall cannot establish the necessary causation, namely, that Curley took actions against Marshall because of his exercise of Title I rights necessary to establish his claim.

The second issue that could give rise to a LMRDA claim against Curley is Curley's dismissal of charges that Marshall filed against various Local 701 officers. It is undisputed that in one instance Curley assigned an International Representative to investigate the charges and, relying solely on the report of the International Representative, dismissed the charges as meritless. *See* Pl.'s Local Rule 56.1 Statement in Opp'n to Def. Curley's Statement of Facts ¶ 21 (admitting Curley's averments, including that Curley relied on the International Representative's "report finding that the charges had no merit" and that Curley dismissed the charges "solely based on that report"). In a second instance, Curley claims he dismissed the charges because they were time barred. Def. Curley's Statement of Facts ¶ 22. Although Marshall denies this, claiming that the charges he filed in 2003 were duplicates of claims timely filed in 2002, the affidavit paragraphs cited in support do not discuss this issue. *See* Pl.'s Local Rule 56.1 Statement in Opp'n to Def. Curley's Statement of Facts ¶ 22 (citing Marshall Aff. ¶¶ 36-38). Therefore, the court deems Curley's statement of fact relating to this issue to be undisputed also.

Marshall again implies that Curley acted to support his friends at Local 701, and suggests that Curley had an obligation to investigate Marshall's allegations personally, rather than relying

---

[9] Marshall's denial of the statement of fact rests solely on his own affidavit, not on other parts of the record. The only additional facts proffered by Marshall that refer to Curley simply state that Curley's office deals with complaints regarding violations of the union constitution, that Marshall sent a tape as part of his appeal, and that Curley did not speak to him as part of the investigation. *See* Pl.'s Additional Facts ¶¶ 43-45.

on the International Representative's report. *See* Pl.'s Additional Facts ¶ 45 (stating that Curley

"neither spoke to Plaintiff nor did he listen to the Tape [of comments from Lambert regarding the

timing of Marshall's removal from the book]"). However, even assuming that such an argument

speaks to a violation of free speech and not to a failure to provide due process, Marshall provides

no evidence that reliance on the results of an International Representative's report is *per se*

unreasonable. In fact, during his deposition in 2006 (more than three years after the case was

filed), Marshall admitted that he had no evidence that Curley had dismissed the charges for

reasons other than those stated. *See* Marshall Dep. 126:10-15 (answering, when asked if he had

evidence to indicate that there were unstated reasons for dismissing the charges, "Actual

evidence? Just an opinion."). Again, absent some evidentiary support for this theory in the

record, there is no genuine issue of material fact concerning the reason for Curley's dismissal of

the charges. *See Konen v. Int'l Bhd. of Teamsters*, 255 F.3d 402, 409 (7th Cir. 2001) (noting

that, standing alone, a plaintiff's own belief that he was retaliated against does not create a triable

issue). Consequently, Curley cannot establish causation, namely that Curley took actions against

Marshall because of his exercise of Title I rights, which is necessary to establish the claim.

Summary judgment is granted in favor of Curley.

   3.   Defendants' Local 701 and Ludwig's Motion For Summary Judgment

   Local 701 and Ludwig move for entry of summary judgment on two grounds:[10]

(1) Marshall's allegations involve the final decision of a tri-partite CBA Appeals Committee, not

a union or union officer, and he cannot, therefore, state a claim under the LMRDA; (2) Marshall

_____

[10] Local 701 and Ludwig also raised issues that were newly alleged in Marshall's proposed third
amended complaint. However, the court denied leave to file the third amended complaint after
the motions for summary judgment had been filed. The operative pleading is Marshall's second
amended complaint and the court disregards the arguments regarding Lambert and settlement
negotiations.

cannot establish a *prima facie* case. Despite the variance in legal arguments asserted by Curley and Local 701/Ludwig, Marshall made identical legal arguments and submitted identical statements of additional fact.[11] In his just-under-four-pages of legal analysis, Marshall asserts that the LMRDA protects a union member's exercise of free speech and that summary judgment is inappropriate where a disputed issue of fact exists. It appears Marshall did no more than copy the brief submitted in response to Curley's motion because the motion in response to Local 701 and Ludwig's motion quotes a section of Curley's opening brief. *See* Mem. of Law in Opp'n to Defs. Local 701 & Ludwig's Mot. for Summ. J. at 4-5 (quoting "Defendant's memorandum of law pg. 10-11," which refers to Curley's opening brief).

Local 701 and Ludwig argue that Marshall cannot state a claim under the LMRDA because the Appeals Committee made the final decision on Marshall's removal from the Out of Work List. They contend that the Appeals Committee is not regulated by the LMRDA because it is a joint labor-management-public body formed under the CBA and therefore falls outside of the reach of the LMRDA. In support of their argument they cite *Konen v. International Brotherhood of Teamsters*, 255 F.3d 402 (7th Cir. 2001) and *Held v. American Airlines, Inc.*, No. 06 C 4240, 2007 U.S. Dist. LEXIS 7665 (N.D. Ill. Jan. 31, 2007) (Gettleman, J.), both of which conclude that no LMRDA claim can lie where an employer, rather than the union, caused the injury. Marshall does not even cite, much less discuss, these two cases. In fact, Marshall's single page of legal argument regarding LMRDA is entirely inapposite, focusing only on the right of a union member to free speech and the standards for granting summary judgment. In reply, Local 701 and Ludwig observe that "Marshall has not presented any authority or argument contrary to or distinguishing *Konen* and *Held*, but appears to argue that Local 701 and Ludwig, rather than the

_____

[11] Marshall's responsive briefs vary somewhat in their presentation of the facts, but not in their legal analysis.

Appeals Committee, was the decisionmaker who imposed the sanction of removal from his position on the out of work list." Reply Mem. in Supp. of Defs. Local 701 & Ludwig's Mot. for Summ. J. at 4. The court agrees that this is Marshall's perspective; unfortunately, he does not provide any legal argument to support his assumption that Local 701 and Ludwig should be considered the final decisionmakers notwithstanding the fact their decision was appealed.[12] In light of Local 701 and Ludwig's contrary argument, such an omission is glaring.

Additionally, the material facts underlying Local 701 and Ludwig's legal argument are, for the most part, undisputed, supporting the defendants' argument that the Appeals Committee is entirely separate from Local 701.[13] *See, e.g.*, Pl.'s Local Rule 56.1 Statement in Opp'n to Defs. IBEW & Ludwig's Statement of Facts ¶ 56 (noting that the Appeals Committee is a tri-partite body that "is not part of or subject to the control of IBEW Local 701"). A careful review of Marshall's additional facts and affidavit does not reveal any facts to support a contrary inference. Given that Local 701 and Ludwig argue that, by applying the holdings of *Konen* and *Held* to the facts at hand, the court should not even reach the merits of Marshall's claims, the absence of argument and additional facts in Marshall's submissions is fatal. *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("Failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver.'" (quoting

---

[12] Marshall does not even argue that this fact as so obvious that it does not require legal argument; he simply fails to acknowledge that the defendants have raised the issue as dispositive.
[13] In support of their argument, Local 701 and Ludwig cite to paragraphs 29, 30, 56, 60, 67, and 68. Marshall does not dispute paragraphs 29 (discussing the functions and authority of the Appeals Committee under the CBA), 56 (noting that the Appeals Committee is a tri-partite body that "is not part of or subject to the control of IBEW Local 701"), 67 (summarizing the Appeals Committee's October 24, 2002 decision), and 68 (stating that records show that Marshall was removed from the Out of Work list after the Appeal's Committee decision). *See* Pl.'s Local Rule 56.1 Statement in Opp'n to Defs. IBEW & Ludwig's Statement of Facts. He disputes paragraphs 30 (discussing the scope of the CBA Appeals Committee authority) and 60 (discussing what evidence the Appeals Committee relied on in reaching its decision), but such disputes are not dispositive given the lack of dispute over paragraphs 29 and 56.

*Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001))); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (cautioning that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant" (internal citations omitted)).

The court concludes that Marshall failed to respond to – and consequently has acquiesced in – the defendants' argument that no claim can be brought against Local 701 or Ludwig under Title I of the LMRDA because the Appeals Committee was the final decisionmaker regarding whether Marshall was removed from the Out of Work List.  In light of Marshall's waiver, the court does not reach, or make any conclusion regarding, the merits of the argument.  Summary judgment is granted.

### III. CONCLUSION

For the reasons stated above, the defendants' motions to strike are granted in part and denied in part, defendant Curley's motion for summary judgment is granted, and defendants Local 701 and Ludwig's motion for summary judgment is granted.


ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 19, 2008